# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

### CASE NO.

AMY THOMAS-LAWSON, *individually and on behalf of all others similarly situated*,

    Plaintiff,

v.

DIRECT RECOVERY SERVICES, L.L.C.,

    Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Amy Thomas-Lawson brings this class action against Defendant Direct Recovery Services, L.L.C., and states:

## NATURE OF THE ACTION

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

2. Defendant is a debt collector headquartered in Minnesota.

3. Defendant routinely violates the TCPA by using skip tracing services to acquire individuals' telephone numbers and then utilizing prerecorded messages to call those numbers to collect debts. Defendant's business practices result in consumers regularly being contacted without their consent and/or calls to individuals who have no connection with the debt Defendant is attempting to collect.

4. Such was the case with Plaintiff. Defendant utilized a skip tracing service to acquire a telephone number for a debtor with whom Plaintiff has no relationship. The skip tracing service provided Defendant with Plaintiff's cellular telephone and Defendant repeatedly called

1

that number with prerecorded voice calls. Plaintiff never directly or indirectly provided Defendant with her telephone number, and never gave Defendant any type of consent or permission to contact her with prerecorded voice calls.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, statutory damages on behalf of herself and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute.

7. Defendant is subject to specific personal jurisdiction in Florida because this suit arises out of and relates to Defendant's significant contacts with this State. Defendant initiated and directed, or caused to be initiated and directed, calls into Florida in violation of the TCPA. Specifically, Defendant initiated and directed, or caused to be initiated and directed, the transmission of calls into Florida. Plaintiff received such calls while residing in and physically present in Florida. Plaintiff's claims for violation of the TCPA against Defendant, and the resulting injuries caused to Plaintiff by Defendant's calls, which includes the invasion of Plaintiff's privacy, arose in substantial part from Defendant's direction of those messages into Florida.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

9. Plaintiff is a natural person who, during all times relevant to this action, was a

citizen of and domiciled in Seminole County, Florida.

10. Defendant is a Minnesota limited liability company with its headquarters located in Two Harbors, MN.

11. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

12. Defendant is a debt collection agency. It collects debts in default on behalf of various corporate entities.

13. Defendant's collection efforts include telephone calls and prerecorded voice calls to locate debtors and demand payment on behalf of Defendant's clients.

14. In instances where Defendant is unable to reach the debtor at the telephone number(s) provided for the debtor by Defendant's clients, Defendant utilizes skip tracing services to locate alternate phone numbers for the debtors and/or to identify telephone numbers for individuals associated with the debtors that may assist Defendant in locating the debtors.

15. The skip tracing services utilized by Defendant locate individuals using their name and linking that name to publicly available information and documents, cross-referencing the publicly available information, and creating a profile for the specific individual with details about their likely locations, possible telephone numbers, assets, liens, bankruptcies, fraud history, and criminal background.

16. On its website, Defendant advertises its skip tracing services to its clients, boasting that its "The most comprehensive skip-tracing database in the industry."[1]

---

[1] https://www.directrecoveryservices.com/about.html.

17. Defendant's practice of attempting to locate debtors and associated individuals utilizing skip tracing services has resulted in Defendant placing persistent calls to numerous individuals that never consented to be called on their telephone numbers and/or calls to the wrong person.

18. Recipients of those calls have voiced their frustration in various posts on the Internet regarding Defendant's unwanted, unconsented to, and harassing calls. The following is just a sampling of those consumer complaints:

- I want Direct Recovery services to stop calling and harassing my family. I have not and do not have an account with this company they are seeking payment for. They are harassing my mom, and other family members about this fake claim. If there is a claim they are suppose to contact me in writing with a copy of the claim. I have not heard from the company they are seeking money for. DRS needs to send me documentation of the validity of the claim along with the company I supposedly owe. If they cant be send documentation, They need stop contacting me and my family. If they continue I will obtain legal counsel. I have never heard of this company and the numerous calls, threats and voicemails that this is a federal crime is problematic.

- I keep getting calls from Direct Recovery at ************ asking for a *****. This has been my number fir over 30 years and I am not *****. I have asked them to stop calling me and stop leaving threatening voicemails and they refuse.

- I have told them to stop calling my numbers and they have repeatedly called my numbers. I am fed up with this company to no end. They need to stop immediately. Both parties have told them to stop calling these numbers... ************ and ************...

- I have received several phone calls, texts, and emails from Direct Recovery Services. I attempted to contact them to find out what it was about and the phone only rings. They gave several different numbers and none of them work. So, I received another text this morning with a web site to go to and it shows that it is for a credit one credit card. I do have a credit one account but it is in good standing, infact, they just gave me a credit increase. I have checked all three of my credit reports and there is nothing there for the account Direct Recovery is trying to collect on. I have received NO

4

communication through mail from Direct, nor have they sent me anything validating the debt. I do not have a creditone account in collections. There was no option to dispute the debt on the web site, only demanding payment.

- I have been receiving numerous calls from this business saying I owe a debt. When I asked to have the debt verified by mailing something that indicates this debt is mine as I have no knowledge of this debt, the rep I spoke with simply hung up. If they can not provide me with the necessary proof of this so called debt, than they need to stop harassing me and my family.

- On 1/7 I receive a text that says call this number and it is Direct Recovery. Prior to this in the whole month of November and December they called me telling me I owe a debt but could not tell me to who, only an amount. I told them without proof I am not paying you a dime, nor would I verify any of my information over the phone. They threatened me telling me they were filing suit against me, they call my relatives and leave voicemails that it is very important that I contact them and I am so mad that even though I have told them numerous times to stop calling me, they somehow find people related to me and call them! This is nonsense!! You do not do business this way. If you call someone to discuss a debt you better be able to tell them who its from, what it's for and how much. I said well if I owe something then send me a letter by mail since you seem to know everything about me! They cussed me and hung up! I am so SICK OF IT!!!!

- I have filed a previous complaint on this company dated 12/27/21. My issue has still not been resolved, nor have I gotten an update on my previous complaint and this company continues to harass me by numerous calls a day. They are contacting my family and other affiliates leaving messages with them. I have received nothing in the mail from this company not written proof of owing the amount they are demanding. I would like them to removed my number and all affiliates.

- I keep receiving calls stating I owe a debt and when I ask for them to verify the social and to send me proof of the debt I get told I will be transferred and the call goes dead. They have contacted relative as well as my employer and went into detail about the amount I "owe". That is illegal and if documentation of proof cannot be furnished I would like all communications to cease.

- I have been getting 90 phone calls from this company, every hour on the hour. I tried to talk with someone on the phone and they got

rude and who ever the woman who listening to our conversation told me never to call back again. This place needs to be stopped in a legal matter not review matter

- This company is steadily harrassing me. I have not had an account with the company they are seeking payment for. They are harrassing my wife and has called my mother about this bogus claim. I do know if there is a claim they are suppose to contact me in writing with a copy of the claim. I have not heard from the company they are seeking money for. This company along with the company who is Cash Net USA need to send me documentation of the validity of the claim. If this can not be produced I want them to stop contacting me and my family. If the harrassment continues, I will obtain me a lawyer. This is beyond rediculous. I can produce proof I have not had any business dealings with Cash Net USA...If this harrassment continues I will seek legal counsel..

- I received a call from Direct Recovery about two weeks ago. The person on the phone said it was about a personal loan from 2016, I told her I have no idea about a loan could they send me a letter with the details and also confirm my social security number. I never received anything from them and today they called my daughter in California about my debt I live in pa. I want the calls to my family to stop and for Direct Recovery to send me a validation letter of the debt

- I am getting continuous calls on my work cell phone after hours stating that I have contacted them numerous times telling them that that person has never worked at this employer or at the number that they are calling. I have explained that it is a cell number that I am a nurse in an intake department and they told me "BITCH pay your bills" and hung up. I called back and asked to speak to human resources and tried to speak to someone and only got to VM.

- Verbal harassment, to refused phone calls and requests to have my phone number (**************) removed from their call list. I have received daily phone messages from Direct Recovery Services (collection agency) regarding a ************************* with whom they are attempting to contact. I am not ************** and have attempted many times to inform them of this but the phone calls continue. Now a ****************************** is leaving messages for ****************************** informing of collection proceedings. I left messages at his phone # ************** with no response. I am at my wits end and would like this daily harassment to stop! I hope that you can assist me with this matter.Thank You,**********************

6

- On 8/13/2021, I started getting calls about a supposed debt I do not own. I was instructed to visit a website or call a phone number, no identifying information about the company was given. Upon going to the website as instructed, I found an account under Ultra Dia that I did not open and a balance of approximately $65 that is not my debt. They call several times a day leaving threatening messages and I want them to cease and desist. As I have previously stated, I do NOT own this debt and demand the threatening calls stop.[2]

19. Plaintiff was one such recipient of Defendant's unwanted prerecorded voice calls. Specifically, beginning on or about November 6, 2020, through August 13, 2020, Defendant placed at least three prerecorded voice calls to Plaintiff's cellular telephone number ending in 2086 (the "2086 Number").

20. The prerecorded messages all similarly stated that Defendant was looking for "Gerard Lawson".

21. Defendant's prerecorded messages came from telephone numbers 410-401-0327 and 410-914-4027, both numbers which upon information and belief are owned and/or operated by or on behalf of Defendant.

22. Plaintiff is not "Gerard Lawson" and does not know anyone by that name.

23. On at least one occasion, Plaintiff advise Defendant it was calling the wrong person.

24. Despite knowing it was calling the wrong person, Defendant placed at least one additional call to Plaintiff's cellular telephone number.

25. Plaintiff is not, nor was, Defendant's customer.

26. Plaintiff does not, nor did, have any business relationship with Defendant.

27. Plaintiff does not, nor did, have any account with Defendant.

---

[2] https://www.bbb.org/us/mn/two-harbors/profile/collections-agencies/direct-recovery-services-llc-0704-96558142/complaints

28. Plaintiff does not owe any money to Defendant.

29. Plaintiff did not provide her cellular telephone number to Defendant or any client of Defendant's.

30. Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number using an artificial or prerecorded voice.

31. Instead, Defendant acquired Plaintiff's cellular telephone number using the skip tracing service discussed above.

32. Defendant maintains business records that show all calls it placed to Plaintiff's cellular telephone number.

33. Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

34. Rather, Defendant's calls to Plaintiff's cellular telephone number were in an apparent effort to reach one of Defendant's accountholders and for the purpose of attempting to collect a debt.

35. Plaintiff does not know the individual that Defendant attempted to reach.

36. At the time Plaintiff received these calls Plaintiff was the subscriber and sole user of the 2086 Number.

37. Plaintiff received the subject calls within this District and, therefore, Defendants' violations of the TCPA within this District.

38. Over the past four years Defendant has placed thousands of calls using the same or similar prerecorded message it caused to be sent to Plaintiff.

39. Given Defendant's routine use of skip tracing services as alleged above, Defendant placed at least 50 prerecorded voice calls to as many individuals during the four years prior to the

filing of this complaint.

40. These individuals did not directly or indirectly provide their telephone numbers to Defendant and, therefore, Defendant did not have express consent to contact their numbers with a prerecorded voice message.

41. Further, and as demonstrated by the above consumer complaints, Defendant's skip tracing practices has resulted in numerous individuals receiving calls for someone else who Defendant was attempting to contact.

42. Additionally, Defendant utilized prerecorded messages to contact these individuals because a prerecorded message is more time efficient; in other words, Defendant can attempt to contact more individuals using a prerecorded message than it can by placing a manual call.

43. Further, the use of prerecorded messages allows Defendant to reduce costs. By using prerecorded messages, Defendant can place a larger volume of calls at a lower cost than it would be able to do so if it had to hire individuals to place the calls.

44. Defendant's unsolicited calls caused Plaintiff harm, including invasion of privacy, aggravation, and annoyance. Defendant's call also inconvenienced Plaintiff and caused disruption to her daily life, and violated Plaintiff's substantive rights under the TCPA.

## CLASS ALLEGATIONS

### PROPOSED CLASS

45. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated, defined as follows:

> **TCPA Class:** All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, at least one call (2) directed to a number assigned to a residential or cellular telephone service, (3) using an artificial or prerecorded voice, (4) during the four years prior to the filing of this lawsuit through and including

> the date of class certification, (5) where the called telephone number was acquired by Defendant utilizing a skip tracing.

46. Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

47. Defendant and its employees or agents are excluded from the Class.

### NUMEROSITY

48. Defendant placed prerecorded calls to telephone numbers belonging to at least 50 individuals in the United States, without their consent in that Defendant acquired the called numbers using a skip tracing service and the called individuals did not directly or indirectly provide Defendant with their telephone numbers. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

49. The exact number and identities of the members of the Class members can be determined and identified utilizing the skip tracing batch results provided to Defendant by its skip tracing vendors and Defendant's outbound call logs showing all instances where a skip traced telephone number was called utilizing a prerecorded voice message.

### COMMON QUESTIONS OF LAW AND FACT

50. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

    a) Whether Defendant made non-emergency calls to Plaintiff's and Class members' telephones using prerecorded messages;

    b) Whether Defendant can meet its burden of showing that it obtained prior express consent to make such calls;

    c) Whether Defendant's conduct was knowing and willful;

      d) Whether Defendant is liable for damages, and the amount of such damages; and

      e) Whether Defendant should be enjoined from such conduct in the future.

51. The common questions in this case are capable of having common answers.

### TYPICALITY

52. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

53. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

54. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

55. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although

certain class members are not parties to such actions.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the TCPA Class)

56. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

57. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any … using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

58. It is also a violation of the TCPA to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party…." 47 U.S.C. § 227(b)(1)(B).

59. Defendant transmitted calls using an artificial or prerecorded voice to the telephone numbers of Plaintiff and members of the putative class.

60. Defendant did not have prior express consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

61. Defendant knew or should have known that it did not have consent to call these numbers as Defendant acquired the numbers using a skip tracing service.

62. Defendant has, therefore, violated § 227(b)(1) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their prior express consent.

63. The violations were willful or knowing because Defendant knew that it did not have prior express consent to make these calls.

64. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA,

Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id*.

65. Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had revoked any express consent to receive its messages to their telephones the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Class;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq*., Plaintiff seeks for themselves and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq*., Plaintiff seeks for themselves and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

e) An order declaring that Defendant's actions, as set out above, violate the TCPA;

f) An injunction requiring Defendant to cease all unsolicited prerecorded call activity,

    and to otherwise protect the interests of the Class;

  g)  Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the communications or transmittal of the calls as alleged herein.

Dated: January 28, 2022

                Respectfully Submitted,


              By: **SHAMIS & GENTILE P.A.**

              */s/ Andrew Shamis*
              Andrew J. Shamis, Esq.
              Florida Bar No. 101754
              ashamis@shamisgentile.com
              /s/ Garrett Berg
              Garrett O. Berg, Esq.
              Florida Bar No. 1000427
              gberg@shamisgentile.com
              14 NE 1st Ave., Suite 705
              Miami, Florida 33132
              Telephone: 305-479-2299

              **EDELSBERG LAW P.A.**
              /s/ Scott Edelsberg
              Scott Edelsberg, Esq.
              Florida Bar No. 0100537
              20900 NE 30th Ave., Suite 417
              Aventura, Florida 33180
              Telephone: 305-975-3320
              Email: scott@edelsberglaw.com

              *Counsel for Plaintiff and the Class.*